IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**THOMAS D. LELOFF**, a seaman,

      Plaintiff,                                   No. 3:16-cv-00539-MO

      v.                                         OPINION AND ORDER

**GEORGIA-PACIFIC CONSUMER
PRODUCTS, LTD. (LIMITED
PARTNERSHIP), GEORGIA-PACIFIC,
LLC, and GEORGIA-PACIFIC
CONSUMER PRODUCTS, LP,**

      Defendants.

**MOSMAN, J.**,

      Plaintiff Thomas D. Leloff filed this action in Multnomah County Circuit Court against

Defendants Georgia-Pacific Consumer Products, Ltd., Georgia-Pacific, LLC, and Georgia-

Pacific Consumer Products, LP, under 46 U.S.C. § 30104 ("Jones Act"), 33 U.S.C. § 905(b)

("Longshore and Harbor Workers' Compensation Act" or "LHWCA"), and general maritime law

alleging unseaworthiness of a vessel, failure to pay maintenance and cure, and vessel negligence.

Defendants Georgia-Pacific, LLC and Georgia-Pacific Consumer Products, LP (collectively

"Georgia-Pacific") filed a timely Notice of Removal to this Court relying on diversity

jurisdiction. Mr. Leloff filed a Motion to Remand to the Multnomah County Circuit Court.

      The primary question presented in this case is whether Mr. Leloff qualifies as a Jones Act

seaman. A related issue is whether to look beyond the pleadings to make this determination. For

the reasons stated below, I now GRANT the Motion to Remand to State Court [9] and remand all

claims.

## BACKGROUND

In June 2007, Mr. Leloff began working at Georgia-Pacific's Wauna Tissue Mill ("the Wauna Mill"). (Decl. of Thomas Leloff [10] at 2.) The Wauna Mill consists of a land-based wood mill and a boat area for receiving and shipping products. (*Id.*) Although Mr. Leloff initially worked on landside assignments, in January 2012, he began work as a deckhand aboard the tug boat WESTERN STAR. (*Id.*) Mr. Leloff's duties as a deckhand included: carrying out orders from the captain to assist with navigation of the tug, docking and mooring the tug, making the barges fast up to the tug, maneuvering and mooring barges, transferring barges from ocean-going tugs to the WESTERN STAR, and changing out lines and cables on the tug. (*Id.*) Although he alternated between working at the landside wood mill and on the WESTERN STAR, Mr. Leloff alleges he spent about fifty percent of his time at the Wauna Mill working on the WESTERN STAR. (*Id.* at 4.)

In November 2014, Mr. Leloff began training to work as an employee in the wood mill while continuing to serve as an alternate deckhand on the WESTERN STAR. (*Id.* at 3.) On January 31, 2015, Mr. Leloff's shift manager asked him to assist on the WESTERN STAR. (*Id.*) During that shift, he allegedly suffered neck and shoulder injuries while attempting to tie up a barge to a mooring structure with a tie-off line that had not been properly stowed. (*Id.* at 4.) He subsequently filed this suit on February 12, 2016, and Georgia-Pacific timely removed the case to this Court on March 29, 2016.

## LEGAL STANDARD

A defendant may remove an action filed in state court to federal court if the federal district courts have original jurisdiction based on diversity of citizenship. 28 U.S.C. § 1441.

However, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Id.* (quoting *Gaus*, 980 F.2d at 566). In assessing whether a plaintiff's claims were properly removable, the Ninth Circuit looks to the plaintiff's pleadings. *Boggs v. Lewis*, 863 F.2d 662, 663-64 (9th Cir. 1988) (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1950)).

## DISCUSSION

Jones Act claims are typically not removable, even in the event of diversity jurisdiction. *Lewis v. Lewis & Clark*, 531 U.S. 438, 455 (2001). However, Georgia-Pacific argues that Mr. Leloff's Jones Act claim was pleaded improperly to evade removal, and therefore, removal is appropriate on grounds of diversity jurisdiction. (Def.'s Notice of Removal [1] at 2-3.) Georgia-Pacific relies on a minority rule applied in the Fifth Circuit that allows defendants to "pierce the pleadings to show that [a] Jones Act claim has been fraudulently pleaded to prevent removal." *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

Mr. Leloff raises three arguments in his Motion to Remand: (1) Defendants' Notice of Removal is defective because only two of the three defendants joined the Notice of Removal and the third defendant did not consent to such as required by 28 U.S.C. § 1446(b)(2)(A); (2) the Ninth Circuit requires remand of a Jones Act claim that is proper on the face of the complaint; and (3) even if I were to apply the Fifth Circuit rule and look beyond the pleadings, Defendants cannot carry their burden of establishing removal as proper. (Pl.'s Mot. to Remand [9].) I address each argument below.

3-OPINION AND ORDER

## I.    Notice of Removal Defective

Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." In his Motion to Remand, Mr. Leloff argues Defendants' Notice of Removal is defective because the third defendant, Georgia-Pacific Consumer Products, Ltd., did not join or consent to removal. (Pl.'s Mot. to Remand [9] at 7.)

In its response, Georgia-Pacific argues Georgia-Pacific Consumer Products, Ltd. is a nonexistent entity and therefore could not have been "properly joined or served" as a prerequisite to joining or consenting to removal. (Resp. in Opp'n to Mot. to Remand [11] at 3.)

In his reply brief, Mr. Leloff acknowledges that no such entity entitled "Georgia-Pacific Consumer Products, Ltd." exists. Because all properly joined defendants sought removal in accordance with 28 U.S.C. § 1446(b)(2)(A), Mr. Leloff withdrew his first argument. (Reply to Resp. to Mot. to Remand [14] at 2.)

## II.    The Ninth Circuit's Procedure for Remand of Jones Act Claims

Considering only the Amended Complaint, Mr. Leloff has properly pleaded a Jones Act claim. Because Jones Act claims are not subject to removal, Mr. Leloff's Jones Act claim must be remanded.

Federal district courts have original jurisdiction over any civil admiralty case, "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. The "saving to suitors" clause preserves the plaintiff's choice of forum, and the state courts are a proper forum for adjudicating admiralty claims. *See Lewis*, 531 U.S. at 455.

The Jones Act allows a *seaman* injured in the course of employment to bring a civil action against an employer. 46 U.S.C. § 30104. The Jones Act further states that the laws regulating the personal injury of a railway employee apply to seamen filing suit pursuant to 46 U.S.C. § 30104. Because civil actions against a railroad "may not be removed to any district court of the United States," 28 U.S.C. § 1445(a), courts have held Jones Act suits may similarly not be removed to "federal court even in the event of diversity of the parties." *Lewis*, 531 U.S. at 455 (citation omitted). Therefore, so long as a Jones Act claim is pleaded properly and filed in state court, it cannot be removed to federal court and must be remanded to state court if it is removed.

Georgia-Pacific contends Mr. Leloff's Jones Act claim was pleaded fraudulently to preclude removal. Georgia-Pacific cites statements in Mr. Leloff's sworn declaration that it claims contradict his Amended Complaint and undermine his seaman status. Because the Jones Act claim was fraudulently pleaded, Georgia-Pacific argues, removal is appropriate. *See Burchette v. Cargill*, 48 F.3d 173, 175-76 (5th Cir. 1995); *see also Creps v. Truco Marine, LLC*, 2011 WL 5577083, at *2-3 (N.D. Cal. Nov. 8, 2011) (explaining that defendants sued under the Jones Act can defeat remand by showing claims were fraudulently pleaded). Before considering this argument, I must determine whether to look beyond the pleadings. For the reasons stated below, I limit my review to the pleadings. Based on the pleadings, Mr. Leloff has properly pleaded a Jones Act claim. Therefore, I remand Mr. Leloff's claims to the Multnomah County Circuit Court.

### A.    *Limiting Review to the Pleadings*

The Ninth Circuit has not directly addressed whether it is permissible for a court to look beyond the pleadings to determine if a plaintiff's Jones Act claim was removed properly. As a

general instruction, the Ninth Circuit has said "[i]n assessing whether a plaintiff's claims were properly removable under § 1441(c), we look to the plaintiff's pleadings." *Boggs*, 863 F.2d at 663-64 (citing *Am. Fire & Cas. Co.*, 341 U.S. at 14). Furthermore, the Supreme Court has stated that "seaman status under the Jones Act is a question of fact for the jury." *McDermott Intern., Inc. v. Wilander*, 498 U.S. 337, 355 (1991).

Though not binding authority, *Green v. Ross Island Sand & Gravel Co.*, No. C 13-05431 SI, 2014 WL 262133 (N.D. Cal. Jan. 23, 2014) suggests a district court's determination should be limited to the pleadings. The facts of *Green* are analogous to the present case. A plaintiff filed a complaint alleging that while he was employed as a seaman, he was injured due to the defendant's negligence. *Id*. at *1. The defendant argued that the plaintiff was not a seaman because he lacked substantial connection to the barge on which he was allegedly injured. *Id*. at *2. The court determined that it would not look beyond the pleadings to make a factual determination because the Ninth Circuit had never directed district courts to look beyond the plaintiff's pleadings on a motion to remand. *Id*. at *3; *see also Rodriguez v. Flota Mercante Grancolombiana, S.A.*, 703 F.2d 1069, 1072 (9th Cir. 1983) (directing courts to look to the complaint to determine if a Jones Act claim has been properly pleaded on a motion to dismiss). Based on the Ninth Circuit's general instruction to limit my inquiry to the pleadings and a lack of specific instruction to the contrary, I now follow the reasoning set forth in *Green* and limit my review of the record to the pleadings.

    **B.**    ***Jones Act Claim is Properly Pleaded***

Next, I must determine whether Mr. Leloff has pleaded sufficiently a Jones Act claim in his Amended Complaint. For the reasons stated below, I find he has. "A tort claim under the Jones Act is properly plead [sic] if it contains allegations that the injured person is a seaman who

was acting within the scope of his employment when he was injured." *Rodriguez*, 703 F.2d at

1072 (citing *Gebhard v. S.S. Hawaiian Legislator*, 425 F.2d 1303, 1308 (9th Cir. 1970)). In his

Amended Complaint, Mr. Leloff states:

> 12.    At all times material, Defendants employed Plaintiff as a seaman in the service of the WESTERN STAR on the navigable water of the United States on the Columbia River.
>
> 13.    On or about January 31, 2015, while Plaintiff was engaged in the course of duties as a deckhand in the service of the WESTERN STAR, defendants . . . negligent[ly] . . . cause[d] injury to Plaintiff.

(Pl.'s Amended Compl. [1-1] at 11.) These allegations are sufficient to constitute a properly

pleaded Jones Act claim. *See Rodriguez*, 703 F.2d at 1072. Because Jones Act claims cannot be

removed to federal court, Mr. Leloff's Jones Act claim must be remanded.

### C.    *Remanding All Claims*

In addition to his Jones Act claim, Mr. Leloff raises general maritime law claims and a

LHWCA claim. Although the parties do not explicitly address whether these non-Jones Act

claims should be remanded, for the reasons stated below, I remand all claims.

As noted above, general maritime law claims are subject to the "saving to suitors" clause.

The LHWCA claim is also subject to the "saving to suitors" clause. *See Ghotra by Ghotra v.

Bandila Shipping, Inc.*, 113 F.3d 1050, 1055 (9th Cir. 1997). Therefore, I will resolve

jurisdictional questions regarding these two sets of claims in a similar manner.

General maritime law claims are "not removable under 28 U.S.C. § 1441 absent some

other jurisdictional basis, such as diversity . . . jurisdiction." *Morris v. Princess Cruises, Inc.*, 236

F.3d 1061, 1069 (9th Cir. 2001). This Court has diversity jurisdiction. Therefore, were Mr.

Leloff's only causes of action based on general maritime law, Georgia-Pacific's removal would

be appropriate for the non-Jones Act claims. However, in light of the non-removable Jones Act claim, removal is not appropriate.

Although the Ninth Circuit has not specifically addressed whether diversity jurisdiction serves as a proper basis for a district court to retain non-Jones Act claims while remanding the related Jones Act claim, a number of district courts throughout the Circuit seem to agree that if a maritime law claim is not separate and independent from a Jones Act claim, the maritime claim must be remanded along with the Jones Act claim. *See, e.g.*, *Green*, 2014 WL 262133, at *3; *Skaw v. Lady Pac., Inc.*, 577 F. Supp. 2, 3 (D. Alaska 1983).

In this case, the "saving to suitors" clause, applicable to each of Mr. Leloff's claims, gives him the right to file suit in his forum choice. *See Lewis*, 531 U.S. at 455. Furthermore, severing and remanding only the Jones Act claim would be inconsistent with principles of judicial efficiency and consistency inasmuch as all claims arise out of the same set of operative facts. Therefore, I remand all claims.

## III.   The Fifth Circuit's Procedure for Remand of Jones Act Claims

Georgia-Pacific urges me to adopt the rule applied in the Fifth Circuit and look beyond the pleadings. However, even if I choose to look beyond the pleadings, Mr. Leloff's Amended Complaint and sworn declaration together support his qualification as a seaman under the Jones Act. At the very least, Georgia-Pacific has failed to carry its burden of proving there is no possibility Mr. Leloff could establish he qualifies as a seaman. Therefore, even under the Fifth Circuit's procedure, Mr. Leloff's claims must be remanded.

When there is suspicion of fraudulent pleading, the procedure applied in the Fifth Circuit allows "defendants [to] pierce the pleadings to show that [a] Jones Act claim has been fraudulently pleaded to prevent removal." *Lackey*, 990 F.2d at 207. However, even when looking

8-OPINION AND ORDER

beyond the pleadings, the defendant still carries the heavy burden of proving "that there is no possibility that plaintiff would be able to establish a cause of action." *Id.* (citing *B., Inc. v. Miller Brewing, Co.*, 663 F.3d 545 (5th Cir. 1981)). In other words, Georgia-Pacific must prove there is no possibility that Mr. Leloff qualifies as a seaman under the Jones Act.

A.    *Seaman Status*

Georgia-Pacific argues that Mr. Leloff's admissions in his sworn declaration reveal fraudulent pleading and defeat his Jones Act seaman status. Specifically, Georgia-Pacific points to Mr. Leloff's statements that he was not assigned to the WESTERN STAR at the time of his injury but was rather assigned to work in the mill and that he was not onboard the WESTERN STAR when he was allegedly injured. (Decl. of Thomas Leloff [10] at 3, 4.) Georgia-Pacific contends these statements are inconsistent with Mr. Leloff's allegation in his Amended Complaint that he is a seaman and this inconsistency is the reason why I should look beyond the pleadings to determine whether the Jones Act claim has been fraudulently pleaded.

To qualify as a seaman under the Jones Act, Mr. Leloff must allege: (1) his duties "contribute to the function of [a] vessel or to the accomplishment of its mission," and (2) he "ha[s] a connection to a vessel in navigation . . . that is substantial in terms of both its duration and its nature." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 376 (1995). Therefore, in order to show that Mr. Leloff does not qualify as a seaman, Georgia-Pacific must show (1) there is no possibility that Mr. Leloff's actions contributed to the function of a vessel or (2) his connection to a vessel is not substantial in terms of both its duration and its nature. Georgia-Pacific fails to carry this burden with respect to either element.

1.    **Contribute to the Function of the Vessel**

Mr. Leloff satisfies the first element of seaman status. The first "threshold requirement [of qualifying as a seaman] is very broad: 'All who work at sea in the service of a ship' are *eligible* for seaman status."[1] *Id.* at 368 (emphasis in original) (quoting *McDermott Intern., Inc.*, 498 U.S. at 354). Mr. Leloff, as a deckhand, meets this broad requirement inasmuch as he contributes to the function of the WESTERN STAR and to the accomplishment of its mission. Mr. Leloff began working on the WESTERN STAR in January 2012. (Decl. Thomas Leloff [10] at 2.) He provided a long list of his deckhand duties directly associated with the function and mission of the WESTERN STAR. (*Id.* at 3.) Mr. Leloff admits that in November 2014, he received an assignment to work in the mill. (*Id.*) However, in that same declaration, he states that he continued to serve as an alternate deckhand on the tug WESTERN STAR. (*Id.*) Georgia-Pacific argues that Mr. Leloff had entirely stopped working as a deckhand and was permanently assigned to work at the mill. However, the fact that Mr. Leloff was allegedly injured while working, by assignment, in the service of the WESTERN STAR in the middle of the Columbia River undermines this argument. From the evidence provided, Mr. Leloff has sufficiently alleged that his duties contribute to the function and mission of the WESTERN STAR.

### 2.    Substantial Connection

Georgia-Pacific also fails to carry its burden with respect to the second element. Ultimately, determining if an employee has a substantial connection to a vessel—and determining seaman status generally—requires a fact-intensive inquiry dependent on "the nature of the vessel and the employee's precise relation to it." *McDermott Intern., Inc.*, 498 U.S. at 356. In making this evaluation, I am "not [to] employ a snapshot test for seaman status, inspecting only the situation as it exists at the instant of injury." *Chandris, Inc.*, 515 U.S. at 363 (internal

---

[1] Although the word "sea" is used here, the Supreme Court acknowledges that the Jones Act provides recovery for seamen injured while working on any navigable waterway. *Chandris*, 515 U.S. at 359.

quotes omitted) (quoting *Easley v. S. Shipbuilding Corp.*, 965 F.2d 1, 5 (5th Cir. 1992)). I am also to avoid exclusively examining the overall course of a worker's service because when a maritime worker's basic assignment changes, his seaman status may change as well. *Id.* at 371-72. In attempts to focus this inquiry, the Supreme Court has established a general thirty-percent rule as a guide for determining whether an employee has a substantial connection to a vessel. *Id.* at 371. That is, if a worker has spent more than thirty percent of his time in the service of a vessel, he may qualify as a seaman under the Jones Act. *Id.*

Dissecting the briefings, Georgia-Pacific makes three arguments allegedly undermining Mr. Leloff's substantial connection to the WESTERN STAR: (1) he was not standing on the WESTERN STAR at the time of his alleged injury; (2) he was permanently assigned to the mill three months before his injury; and (3) he is a longshoreman and cannot concurrently qualify as a seaman. I address each argument below.

First, Georgia-Pacific argues that because Mr. Leloff was standing on the barge—not the WESTERN STAR—at the time of his injury, he was not on the vessel and therefore does not qualify as a seaman. While Mr. Leloff admits he was standing on the barge, given the nature of the WESTERN STAR's mission—moving barges—he was required to occasionally work from the otherwise unmanned barges the tug maneuvered. Therefore, Georgia-Pacific's first argument does not undermine Mr. Leloff's seaman status.

Second, Georgia-Pacific argues that because Mr. Leloff was permanently assigned to the mill three months before his injury (Decl. of Ian Dieter [1-4] at 2), he cannot qualify as a seaman under the Jones Act. Mr. Leloff argues that he spent half his time employed by Georgia-Pacific working on the WESTERN STAR. (Decl. of Thomas Leloff [10] at 4.) However, it is unclear how much time he spent on the WESTERN STAR following his permanent assignment to the

mill. It could very well be that he spent much more than thirty percent of his time on the WESTERN STAR before his reassignment and considerably less than thirty percent of his time on the tug following the reassignment. The Supreme Court in *Chandris* cautioned against limiting the seaman status inquiry to an examination of the overall course of employment. In other words, I am not to simply consider how much time Mr. Leloff spent on the WESTERN STAR over the entire course of his employment, but rather I should consider his status around the time of the accident. Therefore, in light of Mr. Leloff's reassignment to the mill on October 20, 2015, it is possible that he spent very little time on the tug leading up to his accident and would not meet the *Chandris* thirty-percent test.

However, following the Fifth Circuit's standards, I am to resolve disputed questions of fact in favor of the plaintiff. *Lackey*, 990 F.2d at 207. Georgia-Pacific does not provide evidence disproving Mr. Leloff's claim that he continued to serve as an alternate deckhand following his reassignment to the mill. Georgia-Pacific simply claims that Mr. Leloff was permanently assigned to the mill without providing evidence that Mr. Leloff worked solely in the mill. It is obvious that, despite his permanent reassignment to the mill, Mr. Leloff still worked at least some days on the tug—otherwise he would not have been injured on the tug when he was. It is plausible that Mr. Leloff continued to spend more than thirty percent of his employed time in the service of the WESTERN STAR. This appears to be a disputed question of fact. Therefore, at best, Georgia-Pacific has supplied competing, non-conclusory evidence that does not sink Mr. Leloff's Jones Act claim.

Third, Georgia-Pacific contends that Mr. Leloff is a longshoreman and not a seaman because Mr. Leloff has been a member of the United Steelworkers Local 1097 since starting his employment at the Wanua Mill, his Amended Complaint raises a LHWCA claim inconsistent

with a Jones Act claim, and he has been receiving ongoing disability benefits under the LHWCA. (Def.'s Resp. to Mot. to Remand [11] at 8.)  However, it is possible for employees to qualify as both Jones Act seamen and LHWCA workers. *Figueroa v. Campbell Indus.*, 45 F.3d 311, 315 (9th Cir. 1995) ("[A]lthough the [Jones Act and LHWCA] are 'mutually exclusive', some maritime workers may be Jones Act seamen who are injured while also performing a job specifically enumerated under the LHWCA, and, therefore, are entitled to recovery under both statutes, although double recovery of any damage element is precluded."). While recovery under both the Jones Act and LHWCA is not allowed, an employee who receives voluntary LHWCA payments without a formal award is not precluded from seeking relief under the Jones Act. *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 91 (1991). Furthermore, Mr. Leloff is allowed to plead alternative claims even if they are inconsistent. FED. R. CIV. P. 8(d)(3); *see also Heise v. Fishing Co. of Alaska, Inc.*, 79 F.3d 903, 906-07 (9th Cir. 1996) (recognizing that a plaintiff alleging violations of the Jones Act can alternatively plead a LHWCA claim). Therefore, raising both a LHWCA claim and a Jones Act claim does not create a presumption of longshoreman status.

For the foregoing reasons, even if I choose to look beyond the pleadings, viewing the evidence in a light most favorable to Mr. Leloff, Georgia-Pacific has failed to carry its burden of proving that there is no possibility that Mr. Leloff qualifies as a Jones Act seaman.

## CONCLUSION

For the reasons stated above, I GRANT Mr. Leloff's Motion to Remand to State Court [9]. On the face of his Amended Complaint, Mr. Leloff has properly pleaded a Jones Act claim. Jones Act claims are nonremovable, and, for the purposes of the Motion, Mr. Leloff's non-Jones Act claims are not separate and independent claims for relief. Therefore, I remand all of Mr. Leloff's claims to the Multnomah County Circuit Court. Even if I were to look beyond the

pleadings, Mr. Leloff has provided sufficient evidence to qualify as a seaman, raise a Jones Act

claim, and prevent removal.


     IT IS SO ORDERED.

     DATED this   23rd   day of June, 2016.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge

14-OPINION AND ORDER